UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTOPHER P.,

Plaintiff,

v. CASE NO 6:21-cv-06108 (JGW)

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

APPEARANCES: OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC
Counsel for Plaintiff
6000 North Bailey Avenue
Suite 1A
Amherst, NY 14226

IDA COMERFORD, ESQ.
KENNETH R. HILLER, ESQ.

U.S. SOCIAL SECURITY ADMIN.
OFFICE OF REG'L GEN. COUNSEL – REGION II
Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

JONATHAN M. KING, ESQ.
KATHRYN L. SMITH, ESQ.

J. Gregory Wehrman, U.S. Magistrate Judge,

**MEMORANDUM-DECISION and ORDER**

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is DENIED, the defendant's motion for

judgment on the administrative record is GRANTED, and the decision of the Commissioner is AFFIRMED.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born on September 7, 1977, and has at least a high school education. (Tr. 272, 277). Generally, plaintiff's alleged disability consists of left eye fracture, depressive disorder, anxiety disorder, attention deficit disorder, arthritis, sleeping disorder, alcohol abuse disorder, intellectual disability, and double vision. (Tr. 276). His alleged disability onset date is May 5, 2018. (Tr. 272).

### B. Procedural History

On August 29, 2018, plaintiff applied for a period of Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act. (Tr. 272). Plaintiff's application was denied initially and then upon reconsideration. He then timely requested a hearing before an Administrative Law Judge (ALJ). On April 6, 2020, plaintiff appeared before ALJ John P. Costello. (Tr. 32-65). On July 30, 2020, ALJ Costello issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 12-26). On December 8, 2020, the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant has not engaged in substantial gainful activity since August 29, 2018, the application date (20 CFR 416.971 et seq.).

2. The claimant has the following severe impairments: left orbital bone fracture; mild degenerative disc disease and stenosis, lumbar spine; plantar fasciitis; attention deficit hyperactivity disorder; anxiety disorder; depressive disorder; learning disorder; and posttraumatic stress disorder (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except that the claimant is able to perform simple, routine tasks; have occasional interaction with supervisors, coworkers, and the general public; and is able to perform work requiring no more than frequent use of fine visual acuity.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on September 7, 1977 and was 41 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since August 29, 2018, the date the application was filed (20 CFR 416.920(g)).

(Tr. 12-26).

## II. THE PARTIES' BRIEFINGS

### A. Plaintiff's Arguments

Plaintiff makes two arguments in support of his motion for judgment on the pleadings. First, plaintiff argues the ALJ ignored multiple medical opinions. Second,

plaintiff asserts the ALJ failed to reconcile the RFC with Dr. Toor's opinion. (Dkt. No. 7 [Pl.'s Mem. of Law].)

### B. Defendant's Arguments

In response, defendant argues that substantial evidence supports the physical RFC finding, including Dr. Toor's opinion. Defendant also counters that the ALJ properly considered all opinions of record and that the opinions identified by plaintiff were submitted after the AC's denial and subject to rules for a sentence six remand. (Dkt. No. 10 [Def.'s Mem. of Law].)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs*., 733 F.2d 1037, 1041 (2d Cir. 1984).

**B. Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

(1) whether the claimant is currently engaged in substantial gainful activity;
(2) whether the claimant has a severe impairment or combination of

> impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

### A. Medical opinions submitted after the AC decision

Plaintiff's first argument is that the ALJ ignored multiple medical opinions. (Dkt. No. 7 at 5). Plaintiff identified the opinions as an August 14, 2019 opinion from Dr. Vengal, an April 8, 2020 opinion from Dr. Vadera, and two opinions from David Hickson, LCSW-R, dated February 28, 2019 and August 28, 2019. (*Id.*). However, plaintiff fails to disclose in his brief that the opinions were never before ALJ Costello but were submitted over a month after the AC denial of his review request. (Dkt. No. 66). Essentially plaintiff is seeking a sentence six remand based on new evidence, but he has not shown it is appropriate and therefore this argument fails.

Sentence six of 42 U.S.C. § 405(g) provides that the district court may "at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Under that provision, "the district court remands the action without making any substantive ruling as to the correctness of the Commissioner's decision and retains jurisdiction over the action pending further development and consideration by the ALJ." *Salce v. Acting Comm'r of Soc. Sec.*, No. 21-CV-7261, 2022 WL 2532191, at *1

(S.D.N.Y. Apr. 18, 2022) (internal quotation marks omitted). The Second Circuit has established a three-pronged test for a sentence six remand in *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988) as follows. First, the claimant must show that the proffered evidence was new and not merely cumulative of evidence already in the record. *See Hairston-Scott v. Comm'r of Soc. Sec*., No. 20-758, 2021 WL 3777581, at *2 (2d Cir. Aug. 26, 2021) (*citing Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988)). Second, the claimant must show that the proffered evidence is material, meaning it is "both relevant to the claimant's condition during the time period for which benefits were denied and probative." *Id*. The concept of materiality also requires a reasonable possibility that the new evidence would have influenced the Commissioner to decide claimant's application differently. *Id*. Third, the claimant must show good cause for his failure to present the evidence earlier*. Id. See also Lisa v. Sec'y of Health and Human Servs*., 940 F.2d 40, 43, 45 (2d Cir. 1991) (applying the three-part showing summarized in *Tirado v. Bowen* to new evidence introduced at the district court). Plaintiff bears the burden of making the necessary showing. *See Barnaby v. Comm'r of Soc. Sec*., No. 17-CV-399, 2018 WL 4522057, at *12 (N.D.N.Y. June 6, 2018).

Here, plaintiff has not met his burden of showing that the opinions were material nor that there was good cause for why he failed to present the evidence earlier. Indeed, all the medical opinions were completed prior the ALJ's July 2020 opinion, but plaintiff fails to explain a gap of at least five months before submitting the opinions which post-dated the AC decision. At the hearing, ALJ Costello kept the record open for an additional month for plaintiff to submit outstanding evidence from Mr. Hickson and the Monroe County Department of Health Services (DHS). (Tr. 37). The ALJ then granted

five additional extension requests, totaling ten more weeks. (Tr. 361-65). On July 13, 2020, plaintiff requested the ALJ "proceed to decision writing" and never requested any assistance in obtaining records. (Tr. 366). No letter accompanied the records when they were submitted to explain their tardiness and no rationale provided in plaintiff's brief before this court. Therefore, plaintiff has failed to satisfy his burden under the third prong of the *Tirado* test.

Furthermore, under the second prong of the test, plaintiff also failed to show a reasonable probability that the subsequent evidence would have influenced the Commissioner to decide his application differently. Dr. Vengal's opinion and Mr. Hickson's August 2019 opinion explicitly provided an expected duration of only six months, and therefore are not relevant to the issue of disability under the Act. (Tr. 81, 87). *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 416.909 (the evidence must show that a claimant is unable to work due to an impairment that has caused or is expected to cause disability for a continuous period of at least 12 months). Additionally, Mr. Hickson's February 2019 opinion does not assess greater mental limitations than the ALJ's mental RFC finding. Interestingly, plaintiff never discusses Mr. Hickson's actual findings or opinions in his brief. (Dkt. No. 7 at 2). Plaintiff's only argument is that the ALJ did not address the Hickson opinions. (Dkt. No. 7 at 7).

Plaintiff argues the ALJ should have considered the consistency between the sitting, standing, and walking limitations assessed by Drs. Toor, Vengal and Vadera. (Dkt. No. 7 at 6). However, even if the opinions had been available to the ALJ, he had found the opinion of Dr. Toor persuasive and formulated a physical RFC for only light work. (Tr. 20). Plaintiff does not identify what greater limitations the subsequent

opinions support but only that the consistency should "give all the opinions more gravity with respect to areas where they overlap." (Dkt. No. 7 at 6). This is not sufficient to satisfy his burden to show the subsequent evidence was material. Accordingly, a sentence six remand is not warranted.

**B. Dr. Toor Opinion**

Next plaintiff asserts the ALJ failed to reconcile Dr. Toor's sitting limitations with the RFC and remand is warranted. (Dkt. No. 7 at 7). Indeed, consultative examiner Dr. Toor opined moderate limitations in standing, walking, sitting, bending, lifting, and carrying. (Tr. 373). ALJ Costello found the opinion persuasive and contrary to plaintiff's argument that the RFC did not include any sitting, standing, or walking limitations, he reduced plaintiff's physical RFC to light work[1]. (Dkt. No. 7 at 8; Tr. 20).

Notably, directly addressing plaintiff's argument about sitting limitations, Social Security Ruling (SSR) 83-10 specifically addresses that relatively few unskilled light jobs are performed in a seated position. *See* Titles II & XVI: Determining Capability to Do Other Work-the Med.-Vocational Rules of Appendix 2, SSR 83-10 (S.S.A. 1983); *see also Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) ("The full range of light work requires intermittently standing or walking for a total of approximately 6 hours of an 8-hour workday, with sitting occurring intermittently during the remaining time."). Additionally, Courts in this Circuit have found that a physician's description of "moderate" limitations is often consistent with the ability to perform light work. *See Shawn M. v. Comm'r of Soc. Sec.*, No. 1:21-CV-254 (DB), 2024 WL 896926, at *10 (W.D.N.Y. March 1, 2024) (collecting cases).

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. A job is also in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. 20 C.F.R. § 416.967(b).

Ultimately, it is the ALJ that is tasked with weighing the evidence in the record and reaching an RFC finding based on the record and the RFC need not mirror a particular medical opinion. *Schillo v. Kijakazi*, 31 F.4th 64, 77-78 (2d Cir. Apr. 6, 2022) (affirming where the ALJ declined to adopt the limitations set forth in three treating source opinions, and the RFC finding did not match any opinion in the record). Here, ALJ Costello supported the physical RFC finding not only with Dr. Toor's opinion but also other substantial evidence. The ALJ discussed the relatively minimal treatment evidence pertaining to plaintiff's physical conditions while acknowledging plaintiff's treatment for back pain as generally successful in controlling his symptoms. (Tr. 22, 25; see also Tr. 21, referring to Tr. 371). At the time of his application, plaintiff did not even list back problems as an impairment. (Tr. 276). In sum, plaintiff's largely conservative treatment, which was thoroughly discussed by the ALJ, was consistent with a light work RFC and inconsistent with allegations of disabling pain. (Tr. 25). *See* 20 C.F.R. § 416.929(c)(3)(iv)-(v) (consideration given to medications and other treatment measures used); SSR 16-3p, 2017 WL 5180304, at *9 (ALJ properly considers whether level of treatment is commensurate with level of complaints).

Permissibly, the ALJ also considered plaintiff's daily activities, which were inconsistent with his claims of total disability and supported at least an RFC for light work. (Tr. 24). For example, the ALJ referenced plaintiff's testimony that he helps his mother with household chores, such as the laundry, washing dishes, taking out the trash and preparing sandwiches. (Tr. 24). *See* 20 C.F.R. § 416.929(c)(3)(i) (a claimant's daily activities are a factor in assessing subjective symptoms). Notably, at the time of his application plaintiff stated he stopped working to take care of his disabled mom. (Tr.

277). Further, the ALJ discussed plaintiff's attendance at college, as well as his ability to also work up to 20 hours per week in a retail store. (Tr. 24). *See* 20 C.F.R. § 416.971 (even if the work a claimant had done was not substantial gainful activity, it may show that the claimant can do more work than she actually did); *see also Rivers v. Astrue*, 280 F. App'x 20, 23 (2d Cir. 2008) (noting that, while the plaintiff's work during the relevant period was not SGA, she worked at levels consistent with light work).

Beyond the opinion of Dr. Toor, there were also other medical opinions which the ALJ was permitted to rely upon. State agency medical consultant Dr. Miller issued an opinion in March 2019, which was affirmed in August 2019 by Dr. Ehlert. (Tr. 24). Drs. Miller and Ehlert reviewed the then available evidence, including Dr. Toor's opinion, and found that plaintiff could perform medium work and had limited field of vision in his left eye. (Tr. 24, *citing* Tr. 132-46, 148-63). The ALJ appropriately explained why he assessed a more restrictive RFC, which plaintiff does not contest. *See Ramsey v. Comm'r of Soc. Sec*., 830 F. App'x 37, 39 (2d Cir. 2020) (affirming where ALJ in some instances deviated from opinions to make the plaintiff's RFC less restrictive, based on other evidence in the record).

While plaintiff may disagree with the ALJ's conclusions, the Court must "defer to the Commissioner's resolution of conflicting evidence" and reject the ALJ's findings "only if a reasonable factfinder would have to conclude otherwise." *Morris v. Berryhill,* 721 F. App'x 25 (2d Cir. 2018) (internal citations and quotations omitted); *see also Bennett v. Comm'r of Soc. Sec*., No. 22-281, 2023 WL 355156, at *3 (2d Cir. Jan. 23, 2023) ("Although there is some evidence in the record that could support [plaintiff's] position, whether there is substantial evidence supporting [plaintiff's] view is not the

question here; rather, we must decide whether substantial evidence supports *the ALJ's decision*.") (emphasis in the original, citation omitted). In sum, because plaintiff has presented no medical evidence of functional limitations greater than those found by the ALJ, he has failed to meet his burden to demonstrate that he had a more restrictive RFC than found by the ALJ. *See Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018) (plaintiff failed his duty to prove a more restrictive RFC). For the reasons stated above, the Court finds that the RFC determination was supported by substantial evidence and there is no basis for remand.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 7) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 10) is **GRANTED**.

Dated: June 4, 2024
Rochester, New York

J. Gregory Wehrman J.G.W.
HON. J. Gregory Wehrman
United States Magistrate Judge